IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Russell Leon David, Sr., #240689, ) | |
| ) | Civil Action No.: 9:10-cv-01976-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Director Jon E. Ozmint, South Carolina ) | |
| Department of Corrections; Dr. Donald ) | |
| R. Sampson; Dr. A.G. Alewine; Nurse ) | |
| K. McCullough; and Nurse S. Sherman, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court upon Plaintiff's [Docket #33] objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Bristow Marchant.[1] In the R&R, the Magistrate Judge recommends that the Court grant the Defendants' [Docket #20] Motion for Summary Judgment and dismiss this case. For the following reasons, the Court adopts the Magistrate Judge's R&R.

**Procedural History & Factual Background**

This case was initiated on July 29, 2010, when the Plaintiff filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 alleging that the Defendants were deliberately indifferent to his medical needs. On December 20, 2010, the Defendants filed their Motion for Summary Judgment. The Plaintiff filed a Response in Opposition on January 7, 2011. The Magistrate Judge issued an R&R on March 1, 2011, in which he recommends that the Court grant the Defendants' Motion for Summary Judgment. On March 18, 2011, the Plaintiff mailed timely objections. The facts and allegations in this case are

---

[1]In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Marchant for pretrial handling.

clearly summarized in the Magistrate Judge's R&R and do not need to be restated here. This matter is ripe for review.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

The Plaintiff summarizes his argument as follows:

> [O]n January 14, 2010, he sent an Inmate Request to the Special Management unit physician for sick call saying he needed to see someone about his back and legs and his hips. The Plaintiff alleges he was seen by Defendants K. McCullough and Nurse S. Sherman who looked at Plaintiff and gave him ibuprofen 200mg for his pain and told him he would see a doctor in a day or two. Plaintiff was told by Nurse McCullough two day[s] later the doctor has gone on "vacation" but Miss K. McCullough told him he would be seeing a doctor in a day or two. By February 8, 2010, he still had not seen a doctor. . . . After 45 forty-

> five days he had still not been seen by a Doctor and the Nurses would not call the on-call physician. . . . The U.S. Supreme Court has decided that failing to provide medical care to prisoners in a timely response violates [the Eighth Amendment].

Objections, pp. 1-4.  In the Magistrate Judge's R&R, he finds that

> the Defendants attest that Plaintiff has been provided appropriate medical care for his complaints.  The Defendants have also submitted substantial medical logs and records showing Plaintiff's long and repeated history of being seen and evaluated by medical personnel for his medical conditions and complaints during the relevant time period.  Indeed, Plaintiff does not even contest that he has been seen and received care for his complaint; rather, Plaintiff is simply dissatisfied with the general medical care he received as well as the length of time it took to be seen by a physician.

R&R, p. 11.  The Magistrate Judge concludes that "[n]o deliberate indifference is indicated in any of this evidence." *Id.* at 12.

A § 1983 claim is not stated by disagreements between an inmate and a physician over treatment, diagnosis, or other questions of medical judgment. *See Russell v. Sheffer,* 528 F.2d 318, 319 (4th Cir. 1975).  The United States Constitution requires that prisoners be provided with a certain minimum level of medical treatment, but it does not guarantee to a prisoner the treatment of his choice. *Jackson v. Fair,* 846 F.2d 811, 817 (1st Cir. 1988); *see Russell,* 528 F.2d at 318 (stating that "[p]risoners are entitled to reasonable medical care . . . . However, mistreatment or non-treatment must be capable of characterization as 'cruel and unusual punishment' in order to present a colorable claim under § 1983").  The mere failure to treat all medical problems to a prisoner's satisfaction, even if actual medical malpractice is involved, is insufficient to support a claim under § 1983. *Sosebee v. Murphy,* 797 F.2d 179, 181 (4th Cir. 1986) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional

violation merely because the victim is a prisoner." (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976))).

Essentially, the Plaintiff's complaint is one of disagreement with his medical treatment plan. *See* Objections, p. 6 ("Delay in treatment is sometimes an issue of professional opinion- your medical problem is not so serious that you need to see a doctor immediately, 'but some delays' are very serious and can be instead deliberate indifference."). The Defendants, some of which are licensed medical professionals, have submitted affidavits attesting that the Plaintiff's care was appropriate and met the proper medical standard of care. Also, they have submitted the Plaintiff's medical records, which detail the level of care the Plaintiff received during the relevant time period. The Plaintiff reported to sick call and complained about back and neck pain on three occasions during the relevant time period between January 14, 2010, and April 15, 2010 (when he was examined by Defendant Dr. Sampson): January 23, 2010; February 27, 2010; and April 10, 2010. On January 23, 2010, Defendant McCullough examined the Plaintiff and found no swelling, edema, warmth, or tenderness in his back; she referred the Plaintiff to a physician for review. On February 27, 2010, the Plaintiff again reported to sick call and was examined by Defendant McCullough, who found no swelling, warmth, or tenderness of his back. Defendant McCullough attests that she followed Standing Order #27, which gives instructions for nurses to follow when inmates complain of musculoskeletal pain: she gave him acetaminophen 325 mg or ibuprofen for his complaints. Thereafter, on April 10, 2010, Plaintiff again reported to sick call with complaints of lower back, leg, and hip pain, and on examination, was found to have no swelling or edema of his back. Defendant McCullough scheduled him for a physician's appointment on April 15, 2010, at which time Dr. Sampson examined the Plaintiff. Dr. Sampson attests to a reasonable degree of medical certainty that, after review of the Plaintiff's medical records, SCDC health care providers provided appropriate care to the Plaintiff, and

the Plaintiff did not suffer any injuries or any worsening of his pre-existing conditions as a result of the medical treatment he received. As such, the Court cannot find that a genuine issue of material fact exists as to whether his treatment was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990).

While the Plaintiff concedes that Defendant Dr. Alewine should be dismissed from this case,[2] he also objects to the Magistrate Judge's conclusion that Defendant Ozmint is entitled to dismissal as a party defendant because the Plaintiff has not alleged a policy or custom attributable to him that caused or resulted in the Plaintiff's alleged deprivations. In his objections, the Plaintiff appears to argue that Defendant Ozmint is liable under a theory of supervisory liability. "Supervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of *respondeat superior*, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." *Miltier*, 896 F.2d at 854 (citing *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). To establish a deliberate indifference to medical needs claim under § 1983 against non-treating supervisory prison personnel, the Plaintiff must prove: (1) the supervisory defendants failed promptly to provide an inmate with needed medical care, (2) that the supervisory defendants deliberately interfered with the prison doctors' performance, or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations. *See id.* The Plaintiff has not shown that Defendant Ozmint personally failed to promptly provide medical care, deliberately interfered with the physicians' performance, or tacitly authorized any unconstitutional conduct.

---

[2]*See* Objections, p. 6.

5

Considering the facts alleged in the light most favorable to the Plaintiff, the Plaintiff has failed to show that the Defendants violated his clearly established constitutional rights because he has failed to show that they knew that the Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *See Farmer v. Brennan,* 511 U.S. 825, 847 (1994). At most, the Plaintiff's Complaint involves a disagreement about his diagnosis and treatment, or alleges medical negligence. As mentioned above, a § 1983 claim is not stated by disagreements between an inmate and medical personnel as to treatment or diagnosis, and negligence/medical malpractice is not actionable under §1983. *Daniels v. Williams,* 474 U.S. 327 (1986); *see Grayson v. Peed,* 195 F.3d 692, 695 (4th Cir. 1999) (stating deliberate indifference is a very high standard and a showing of mere negligence will not meet it). Thus, there exists no genuine issue of material fact as to whether the Defendants were deliberately indifferent to the Plaintiff's health or safety, and summary judgment is appropriate.

## Conclusion

Having thoroughly reviewed the entire record, the Plaintiff's objections, and the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference. Accordingly, the Defendants' Motion for Summary Judgment is **GRANTED,** and this case is dismissed.

**IT IS SO ORDERED.**

>     s/ R. Bryan Harwell
>     R. Bryan Harwell
>     United States District Judge

Florence, South Carolina
April 11, 2011